### ROBERT HAYWOOD *v.* COMMONWEALTH.

**Criminal Law—Indictment—Instructions.**
> An indictment for assault and battery with intent to kill is sufficient when it is substantially in the language of the statute.

**Instructions.**
> An instruction is held erroneous where the court charged the jury that "If the jury are satisfied from the evidence, to the exclusion of all reasonable doubt, that the accused * * * did stab Lewis Gregory with a knife with the intention at the time of such stabbing to kill the said Gregory, and that not in the necessary self-defense of the accused, then such stabbing is willful and malicious, and the jury will find the accused guilty of willful and malicious stabbing and fix his punishment by confinement in the penitentiary so that it be not less than one, nor more than five years." It was held that to make this charge good it should have been qualified by adding after the words "not in the necessary defense of the accused" the words "nor in sudden heat and passion."

APPEAL FROM CARTER CIRCUIT COURT.

September 26, 1874.

OPINION BY JUDGE PETERS:

Robert Haywood was indicted in the Carter Circuit Court for having "unlawfully, wilfully and maliciously stabbed" Lewis Gregory with intent to kill him, was found guilty by the jury which tried him, and sentenced to one year's confinement in the penitentiary; and his motion for a new trial having been overruled, he has appealed to this court.

It is insisted by his attorney that the indictment is insufficient. It charges that the offense was committed as follows: "The said Robert Haywood, on October 13, 1873, in the county and circuit aforesaid, did unlawfully, wilfully and maliciously cut, thrust and stab Lewis Gregory with a knife, with the intent to kill said Gregory, from which wounds said Gregory lingered, and lingering died not, etc."

This indictment was found under Sec. 2, Art. 6, Chap. 28, R. S.; and the offense is described, substantially, in the language of the statute: that if appellant did the stabbing wilfully and maliciously he incurred the penalty of the statute, and the indictment must therefore be regarded as sufficient.

It is next insisted that instruction No. 1, given on motion of the attorney for appellee, is erroneous and prejudicial to appellant, which motion is in the following language: "If the jury are satisfied from the evidence, to the exclusion of all reasonable doubt, that the accused, in Carter county, and before the finding of the indictment, did stab Lewis Gregory with a knife with the intention, at the time of such stabbing, to kill the said Gregory, and that not in the necessary self-defense of the accused, then such stabbing is wilful and malicious, and the jury will find the accused guilty of wilful and malicious stabbing, and fix his punishment by confinement in the penitentiary so that it be not less than one, nor more than five years."

The parties had been quarreling in the house, and angry words had passed between them there; Gregory had passed out of the house, whether voluntarily or having been pushed out by appellant does not satisfactorily appear; but there is evidence conducing to show that about the time Gregory was stabbed he had gotten a brick or stone, and was near enough to appellant to strike him with it.

If, as was held by this court in *Rapp v. Commonwealth,* 14 B. Mon. 494, the wounding be not in self-defense, but done in sudden heat and passion, without previous malice, it is not a felony punished by the section referred to, but is a misdemeanor punished by Sec. 1, Art. 17, Chap. 28, R. S.

Looking to the evidence in this case, and in view of the fact that the accused might have been convicted of the lesser offense under this indictment, said instruction should have been qualified by adding after the words "not in the necessary self-defense of the accused" the following words: "nor in sudden heat and passion," and thereby

offered to the jury the opportunity of giving to the evidence or statement of facts contained in appellant's affidavit, and which was admitted as evidence, such weight as they might consider it deserved.

Instruction No. 2, as asked for by appellant, was properly refused; because it gave undue prominence to a particular portion of the evidence, and withdrew the attention of the jury from other portions equally worthy of their consideration.

But for reasons stated, the judgment must be *reversed* and the cause remanded with directions to award a new trial and for further proceedings not inconsistent herewith.

*J. R. Bates, for appellant.*
*John Redman, for appellee.*